```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                      3:10cv361-W-2
                      (3:06cr102-W)
```

| | |
|---|---|
| **MARVIN F. OUTING,** )<br>    **Petitioner,** )<br>)<br>        v.                   )<br>)<br>**UNITED STATES OF AMERICA,** )<br>    **Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255, filed August 5, 2010 (Doc. No. 1).

## I. FACTUAL AND PROCEDURAL HISTORY

On April 28, 2006, a Bill of Indictment was filed charging Petitioner with having unlawfully possessed a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:06cr102-W, Doc. No. 1). On October 17, 2006, Petitioner appeared before the Court and entered a "straight-up" guilty plea to the single firearm charge. (Id., Doc. No. 15). On June 9, 2008, Petitioner was sentenced to a term of 118 months imprisonment. (Id., Doc. No. 27). Petitioner timely appealed and on May 4, 2009, the Fourth Circuit entered an Order affirming Petitioner's appeal. United States v.

Outing, 326 Fed. App'x. 687 (4th Cir. May 4, 2009) (unpublished). Petitioner did not seek further review from the U.S. Supreme Court.

Rather, on August 5, 2010, Petitioner returned to this Court on the instant Motion to Vacate by which he essentially asks to be re-sentenced. (Doc. No. 1). Specifically, Petitioner's Motion concedes his guilt for the firearm offense, but argues that his rights, as defined by Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, were violated when the Court enhanced his sen-tence under U.S. Guidelines § 2K2.1(6) on the basis of conduct for which he never was charged or convicted, and to which he never confessed guilt. (Id. at 4-7). However, Petitioner's Motion to Vacate also states that "It should be noted that on a day certain Petitioner will submit His amendment to the motion charging appeal counsel with ineffective assistance and legal malpractice." (Id. at 7).

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Court already has noted, Petitioner's appeal was concluded on May 4, 2009 and he did not seek certiorari review in the Supreme Court. Consequently, Petitioner's criminal case became final no later than August 4, 2009 -- at the expiration of the 90-day period during which he could have filed a certiorari petition, thereby giving him until August 4, 2010 to submit all of his habeas claims to the Court. See Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

Inasmuch as Petitioner executed and mailed his Motion to Vacate to this Court before that deadline, such Motion, though

not received until August 5, 2010, was construed as timely filed. See Houston v. Lack, 487 U.S. 266 (1988) (announcing the "mailbox rule" which allows a district court to treat an inmate's filings as if filed from the date on which they are given to prison au-thorities for mailing to the court).  More critically, the Court observes that any claim which Petitioner seeks to submit will be time-barred unless it relates directly back to his express claim that the Court calculated his sentence in violation of Apprendi, or to his implied claim that appellate counsel was ineffective on appeal.  See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (discussing relation back doctrine).

**NOW, THEREFORE, IT IS ORDERED** that within thirty (30) days of the entry of this Order, Petitioner shall file his proposed amended Motion to Vacate, which amendment must relate directly back to either Petitioner's express claim of sentencing error in viola-tion of Apprendi, or to his implied claim that appellate counsel was ineffective on appeal.  **Failure to comply with this directive in any way will result in the Court's consideration of Petitioner's Motion to Vacate as it now is constituted.**

**SO ORDERED.**

Signed: August 11, 2010

Frank D. Whitney
United States District Judge